# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Albert and Marcia Henry | Central Credit Services, Inc. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE   IN LAND CONDEMNATION CASES USE THE LOCATION OF THE<br>         TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)<br>James A. Francis, Esquire<br>Mark D. Mailman, Esquire<br>Francis & Mailman, P.C.<br>Land Title Building, 19th Floor, 100 South Broad Street<br>Philadelphia, PA 19110, 215-735-8600 | ATTORNEYS (IF KNOWN) |
|---|---|

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

1. U.S. Government
   Plaintiff

2. U.S. Government
   Defendant

☑ 3. Federal Question
   (U.S. Government not a party)

4. Diversity
   Indicate Citizenship of Parties
   in item III)

## III. CITIZENSHIP OF PRINCIPLE PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principle Place of business in this state | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principle Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>120 Manne<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment<br> & Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted Student<br> Loans (Excl Veterans)<br>153 Recovery of Overpayment of<br>Veterans Benefits<br>160 Stockholders Suits<br>190 Other Contract<br>195 Contract Product Liability | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product<br> Liability<br>320 Assault, Libel &<br> Slander<br>330 Federal Employers<br> Liability<br>340 Manne<br>345 Manne Product<br> Liability<br>350 Motor Vehicle<br>355 Motor Vehicle<br> Product Liability<br>360 Other Personal<br> Injury | **PERSONAL INJURY**<br>362 Personal Injury-<br> Med Malpractice<br>365 Personal Injury-<br> Product Liability<br>368 Asbestos Personal<br> Injury Product Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal<br> Property Damage<br>385 Property Damage<br> Product Liability | 610 Agriculture<br>620 Other Food & Drug<br>625 Drug Related Seizure<br> of Property 21 USC 881<br>630 Liquor Laws<br>640 R R & Truck<br>650 Airline Regs<br>660 Occupational<br> Safety/Health<br>690 Other<br>**LABOR**<br>710 Fair Labor Standards<br> Act<br>720 Labor/Mgmt Relations<br>730 Labor/Mgmt Reporting<br> & Disclosure Act | 422 Appeal 28 USC 158<br>423 Withdrawal<br> 28 USC 157<br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>840 Trademark<br>**SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW<br> (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g)) | 400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce/ICC Rates/etc.<br>460 Deportation<br>470 Racketeer influenced and<br> Corrupt Organizations<br>810 Selective Service<br>850 Securities/Commodities/<br> Exchange<br>875 Customer Challenge<br> 12 USC 3410<br>891 Agricultural Acts<br>892 Economic Stabilization Act<br>893 Environmental Matters<br>894 Energy Allocation Acts<br>895 Freedom of<br> Information Act |
| **REAL PROPERTY**<br>210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | **CIVIL RIGHTS**<br>441 Voting<br>442 Employment<br>443 Housing<br> Accommodations<br>444 Welfare<br>440 Other Civil Rights | **PRISONER PETITIONS**<br>510 Motions to Vacate<br> Sentence<br> HABEAS CORPUS:<br>530 General<br>535 Death Penalty<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition | 740 Railway Labor Act<br>790 Other Labor Litigation<br>791 Empl Ret Inc<br> Security Act | **FEDERAL TAX SUITS**<br>870 Taxes (US Plaintiff<br> or Defendant<br>871 IRS-Third Party<br> 26 USC 7609 | 900 Appeal of Fee Determination<br> Under Equal Access to Justice<br>950 Constitutionality of<br> States Statutes<br>☑ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ Original
Proceeding

2 Removed from
State Court

3 Remanded from
Appellate Court

4 Reinstated or
Reopened

Transferred from
5 another district
(specify)

6 Multidistrict
Litigation

7 Magistrate
Judgment

Appeal to District
Judge from

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Fair Debt Collection Practices Act, 15 U.S.C. § 1692

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint

JURY DEMAND ☑ YES ☐ NO

## VII. RELATED CASE (S) (See instructions):
IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE

4/23/08

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Albert and Marcia Henry | : | **CIVIL ACTION** |
| | : | |
| vs. | : | **NO.** |
| | : | |
| Central Credit Services, Inc. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, the defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus--Cases brought under 28 U.S.C. § 2241 through §2255.    ( )

(b) Social Security--Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration--Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos--Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management--Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management—Cases that do not fall into any one of the other tracks.    ( x )

_4/23/08_
Date

Mark D. Mailman
Attorney at law

Attorney for Plaintiff

FOR THE EASTERN DISTRICT OF PENNSYLVANIA- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2342 Secane Road, Secane, PA 19018

Address of Defendant: 9550 Regency Square Blvd. Suite 602, Jacksonville, FL 32225

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

Does this case involve multi-district litigation possibilities?                     Yes ☐     No ☑

**RELATED CASES, IF ANY:**

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

Yes ☐     No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior pending or within one year previously terminated action in this court?

Yes ☐     No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

Yes ☐     No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act (s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Questions Cases
(Please specify)     **Fair Debt Collection Practices Act, 15 U.S.C. § 1692**

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability-Asbestos
9. ☐ All other Diversity Cases
(Please specify)

**ARBITRATION CERTIFICATION**
(Check appropriate Category)

I, **Mark D. Mailman**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief the damages recoverable in this civil action case exceed the sum of $ 150, 000.00 exclusive of interest and costs;
☑ Relief other than monetary damages is sought.

DATE: **4/23/08**          Attorney-at-Law          **77760**
Attorney I.D. #

NOTE:     A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **4/23/08**          Attorney-at-Law          **77760**
Attorney I.D.#

CIV. 609 (9/99)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALBERT HENRY,**<br>**and**<br>**MARCIA HENRY, H/W**<br><br>Plaintiffs,<br><br>vs.<br><br>**CENTRAL CREDIT SERVICES, INC.**<br><br>Defendant. | )<br>)<br>)   **Civil Action No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### I. INTRODUCTION

1.     This is an action for damages brought by individual consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. **PARTIES**

4.     Plaintiffs Albert Henry (hereafter "Plaintiff AH") and Marcia Henry (hereafter "Plaintiff MH"), husband and wife, are adult individuals residing at 2342 Secane Road, Secane, PA 19018.

5.     Defendant Central Credit Services, Inc. is a business entity engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 9550 Regency Square Blvd., Suite 602, Jacksonville FL 32225. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. **FACTUAL ALLEGATIONS**

6.     At all pertinent times hereto, Defendant was hired by LVNV Funding LLC to collect a debt relating to consumer credit card purchases that were allegedly originally owed to GEMB/JC Penney. (hereafter the "debt").

7.     The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8.     At all times pertinent hereto, Plaintiff AH was the victim of identity theft and did not owe the debt. Additionally, Plaintiffs have been residents of the Commonwealth for over forty years. Based on information and belief, the debt originated from an address in Chicago, Illinois.

9.     On or about March 6, 2008, a representative, employee and/or agent from Defendant identifying himself as "Justin Law" contacted Plaintiffs in an attempt to coerce payment of the debt. During a message on Plaintiffs' voicemail, Mr. Law indicated Plaintiffs

2

needed to return his call in reference to "file number 371-4989."

11.     In response to the above, on or about March 7, 2008, Plaintiff AH contacted Mr. Law. During the conversation, Mr. Law indicated he was employed by Defendant and collecting on a debt with JC Penney for $2,300. Mr. Law indicated that Plaintiffs were "rich people" who did not pay their bills because they were "deadbeats." Mr. Law also accused Plaintiffs of changing their address in an attempt avoid paying the debt. When Plaintiff AH asked questions regarding the underlying debt, Mr. Law refused to provide any information. Mr. Law then alleged that Plaintiffs had "relatives in Chicago" who conspired with Plaintiffs to make the purchases. Plaintiff AH became upset to the point where Mr. Law stated that Plaintiff AH should "get off the phone" because it sounded like Plaintiff AH was going to "have a heart attack." Mr. Law then mockingly referred to Plaintiff AH as a "tough guy." Plaintiff AH then disconnected the phone call.

12.     Notwithstanding the above, and five minutes thereafter, on or about March 7, 2008, Mr. Law contacted Plaintiffs in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. When Plaintiff AH answered the phone, Mr. Law mockingly requested to speak to the "man of the house." When Plaintiff AH began to speak, Mr. Law immediately stated "No, I want to speak with Marcia." Plaintiff MH picked up the phone and was immediately accused by Mr. Law of owing the debt. Plaintiff MH indicated she never had a JC Penney card and that she had neither lived in nor visited Chicago. Mr. Law ignored Plaintiff MH's dispute and stated the Chicago address belonged to Plaintiffs. Plaintiffs again disputed that it was not their address, indicating they had lived at their current address for over forty years. Mr. Law continued to ignore Plaintiffs' disputes, accusing them of trying to

3

avoid paying the debt.

13.    Notwithstanding the above, and minutes thereafter, on or about March 7, 2008, a representative, employee and/or agent from Defendant identifying himself simply as a "supervisor" contacted Plaintiffs in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. During the conversation, Plaintiff MH again disputed the debt and demanded an apology for Mr. Law's actions. The supervisor stated he would pass the message to Mr. Law.

14.    Notwithstanding the above, on or about March 7, 2008, Defendant contacted Plaintiffs in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to three more times that day.

15.    Following the above, on or about March 11, 2008, Plaintiffs filed a police report (hereafter the "Report") alleging the identity theft. The Report, *inter alia*, included statements from Plaintiffs that Defendant was contacting them regarding the JC Penney debt which they did not owe. (A true and correct copy of the Report is attached hereto as Exhibit "A" and is incorporated herein).

16.    Notwithstanding the above, on or about March 25, 2008, Mr. Law contacted Plaintiffs in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. During the message on Plaintiffs' voicemail, Mr. Law stated, "This is a very serious matter. Please return my call immediately today."

17.    Notwithstanding the above, on or about March 27, 2008, Mr. Law contacted Plaintiffs in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. During the message on Plaintiffs' voicemail, Mr. Law restated his

4

message of the March 25, 2008 phone call, warning, "This is a very serious matter. Please return my call immediately today."

18.     Notwithstanding the above, on or about March 30, 2008, a representative, employee and/or agent from Defendant identifying himself as a "Mark Wade" contacted Plaintiffs in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

19.     The Defendant acted in a false, deceptive, misleading and unfair manner by harassing, oppressing and abusing the Plaintiffs including, but not limited to, repeatedly and continuously contacting the above persons with the intent to annoy, abuse and harass such persons contacted.

20.     The Defendant acted in a false, deceptive, misleading and unfair manner toward Plaintiff by falsely representing the amount, character or legal status of a debt.

21.     Defendant knew or should have known that its actions violated the FDCPA, FCEUA and the UTPCPL. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, FCEUA and the UTPCPL, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

22.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

23.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

5

24. As a result of Defendant's conduct, Plaintiffs have sustained actual damages including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, out-of-pocket expenses, damage to Plaintiffs' credit, extreme physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiffs will continue to suffer same for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

## V. FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA

25. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

26. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

27. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

28. The above contacts by Defendant are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

29. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(2)(A), 1692e(10) and 1692f, as evidenced by the following conduct:

> (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;
>
> (b) Causing a telephone to ring or engaging any person in conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;
>
> (c) The false representation of the amount, character or legal status of a debt; and

6

     (d)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

30.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the debt.

31.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

     (a)     That an order be entered declaring that the Defendant's actions as described above are in violation of the FDCPA;

     (b)     That an order be entered enjoining the Defendant from continuing to communicate with Plaintiff in violation of the FDCPA;

     (c)     That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

     (d)     That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

     (e)     That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

     (f)     That the Court grant such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF-VIOLATION OF THE FCEUA AND UTPCPL

32.   Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

33.   Defendant is a "debt collector" as defined by 73 P.S. § 2270.3 of the FCEUA.

34.   Plaintiffs are "debtors" as defined by 73 P.S. § 2270.3 of the FCEUA.

35.   The above contacts by Defendant were "communications" relating to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

36.   Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

> (a)   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;
>
> (b)   Causing a telephone to ring or engaging any person in conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;
>
> (c)   The false representation of the amount, character or legal status of a debt; and
>
> (d)   Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

8

37.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the debt.

38.     As a result of the above violations of the FCEUA and UTPCPL, Plaintiffs have suffered ascertainable losses entitling Plaintiffs to an award of statutory, actual and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a)     That judgment be entered against the Defendant for actual damages pursuant to 73 P.S. § 201-9.2(a);

(b)     That judgment be entered against the Defendant for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(c)     That judgment be entered against the Defendant for treble damages pursuant to 73 P.S. § 201-9.2(a);

(d)     That the Court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(e)     That the Court grant such other and further relief as may be just and proper.

## VII.    THIRD CLAIM FOR RELIEF- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

40.     As a result of Defendant's reckless and intentional conduct, Plaintiffs sustained physical injury as well as mental distress as more fully outlined above.

9

41.     Due to the reckless and intentional conduct of the Defendant, it was foreseeable that Plaintiffs would suffer severe emotional distress, harm to their physical and psychological well-being and physical harm to the present day, as fully outlined above.

WHEREFORE, Plaintiffs claim compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in their favor, plus lawful interest thereon.

## VIII.    FOURTH CLAIM FOR RELIEF- INVASION OF PRIVACY

42.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

43.     Defendant continuously and repeatedly contacting Plaintiffs at Plaintiffs' place of residence constitutes an invasion of privacy.

44.     As a result of Defendant's above mentioned conduct, Plaintiffs sustained and continue to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiffs claim compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in their favor, plus lawful interest thereon.

## IX.   JURY TRIAL DEMAND

45.   Plaintiffs demand trial by jury on all issues so triable.

### RESPECTFULLY SUBMITTED,

### FRANCIS & MAILMAN, P.C.

BY:   */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
JAMES A. FRANCIS, ESQUIRE
JOHN SOUMILAS, ESQUIRE
MICHAEL J. SZYMBORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: April 23, 2008

11

# EXHIBIT A

| RIDLEY TOWNSHIP POLICE DEPARTMENT | Incident Investigation Report |
|---|---|
| ORI: PA0232800 | 08-02805 (01) |

## Incident Data
Ref #: P0800085885

```
Class (UCR) Code: 1171 IDENTITY THEFT - REPORT ONLY          Complete
Crimes Code: Title:
Date/Time Reported:    03/11/2008 Tuesday 15:59
Discovered Date/Time:
Last Known Secure :
TIME - Received: 15:59 / Dispatched: 15:59 / Arrived: 16:16 / Cleared: 16:40
Badge: 0159 - PTLM. SHAWN MCGEE
Location: 2342 SECANE RD  - SECANE
   Landmark:
   Patrol Zone: 4 - 24 DISTRICT                    Grid: 7 - SECANE
   Premise Type: HOME OF VICTIM - SINGLE FAMILY DWELLING
BIAS: 88 NONE (NO BIAS)
```

**MO:**
```
Weapon/Tools:NOT APPLICABLE  Additional weapon:
```

## Persons Involved

```
Number of Victims: 0   Number of Offenders: 0   Persons Involved: 1
```

```
REPORTING PARTY     HENRY, ALBERT  (NP020308)
Incident Classif.: 1171  IDENTITY THEFT - REPORT ONLY
Type: INDIVIDUAL/PERSON (NOT L.E.OFFICER)   Injury: NOT APPLICABLE
Age/DOB:          ████████     Race: W  Sex: M  Ethnic: U  Marital: U  Resdnc: U
SS#:
Height:  0 Weight:  0 Eye:   Hair:   Build:   Compl.:
GBM ID number:        Date Entered:  / /   Date Released:   / /
Comment:


Home: 2342 SECANE ROAD              Home Phone: ████████
      SECANE PA 19018
Work Phone:           EXT:   Cell Phone:          Pager:
Employer:

DOCUMENTS ON FILE:
```

## Summary

```
03/11/2008 15:59 Page 1 Ofc. 0159

     Police received a call to 2342 Secane Road for the report of Identity
Theft. Albert Henry (610-543-8813) reports that his JC Penny card has been
used without his permission. Henry has recently been receiving calls from
CCS Collection Agency (1-800-401-2767) in regards to an outstanding bill
for purchases he did not make.

     Henry states that he was a JC Penny card holder and his card was recently
switched to a JC Penny Master card (Card # 54660112452534) without his
```

| Officer:   PTLM. SHAWN MCGEE | Badge: 0159 | Page: 1 |
|---|---|---|
| Case Status: REF TO DETECTIVE DIVISION | Case Disposition: CLEARED/ NO FURTHER ACTION | |

RIDLEY TOWNSHIP POLICE DEPARTMENT
ORI: PA0232800

**Incident Investigation Report**
## 08-02805 (01)

## Summary

knowledge. Henry never received any information about the card change or a
new card. Henry recently received notice from Sherman Financial
(1-888-665-0374) that his outstanding JC Penny master card Debt has been
turned over to them. Statements from Sherman Financial show a billing
address of 217 West 113th street Chicago IL 60628. Sherman Financial has
been utilizing CCS collection agency in an attempt to collect the
outstanding bill.

Henry has contacted JC penny about the matter who states that they do not
have any record of his credit card information at all. Henry was advised to
gather and neatly organize all information pertaining to this incident and
wait for a detective to contact him.

---

Officer:     PTLM. SHAWN MCGEE
Case Status: REF TO DETECTIVE DIVISION

Badge: 0159

Case Disposition: CLEARED/ NO FURTHER ACTION

Page: 2